FILED
2009 Jun-24  AM 08:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **KATHY AMOS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-08-BE-2165-M** |
| | ] | |
| **HARTFORD LIFE AND ACCIDENT** | ] | |
| **INSURANCE COMPANY,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

This ERISA case comes before the court on Defendant Hartford Life and Accident Insurance Company's "Motion to Dismiss" (doc. 14). Defendant Hartford seeks to dismiss Plaintiff Kathy Amos's Complaint as barred by a contractual limitation of action provision contained in the applicable disability insurance policy.  This case also comes before the court on Plaintiff Kathy Amos's "Motion to Remand – Contested" (doc. 15). Plaintiff Amos moves the court to remand the case to the plan administrator so that the Defendant may consider additional medical records not previously submitted. The parties have fully briefed both motions. The court has reviewed the filings and the applicable law. For the reasons stated below, the court will GRANT Defendant Hartford's motion to dismiss (doc. 14) and DENY Plaintiff Amos's motion to remand (doc. 15). The court will enter an order to that effect simultaneously.

## FACTS

Plaintiff Kathy Amos filed her Complaint in the Etowah County Circuit Court on October 14, 2008. In her Complaint, Plaintiff Amos asserts a claim for benefits allegedly due under a

group disability insurance policy issued by Defendant Hartford to Wal-Mart Stores, Inc.

Defendant Hartford removed the case on November 18, 2008, because the Plaintiff's claims arise

under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*

The Defendant then filed an Answer to the Complaint, asserting that the insurance policy's

limitations provision and/or the applicable statute of limitations barred the Plaintiff's claims. The

Plaintiff filed her motion to remand for further administrative review, so that Defendant Hartford

may consider medical records not previously submitted during the administrative review process.

## I.      DEFENDANT HARTFORD'S MOTION TO DISMISS

Defendant Hartford seeks to dismiss Plaintiff Amos's Complaint as barred by a

contractual limitation of action provision contained in the applicable disability insurance policy.

### LEGAL STANDARDS

"ERISA does not provide a statute of limitations for suits brought . . . to recover benefits.

Thus, courts borrow the most closely analogous state limitations period." *Northlake Reg'l Med.*

*Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998).

"Choosing which state statute to borrow is unnecessary, however, where the parties have

contractually agreed upon a limitations period." *Id.* "[C]ontractual limitations periods on ERISA

actions are enforceable, regardless of state law, provided that they are reasonable." *Id.* Relying on

the Seventh Circuit's finding that a 39-month limitations provision in the policy was reasonable

in *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869 (7th Cir. 1997), the Eleventh Circuit in

*Northlake* found that a 90-day policy limitation provision was reasonable and enforceable.

The Eleventh Circuit has not directly answered the question whether the limitations

period is triggered by the date of proof of loss or the date of the final claims decision. However,

2

the Eleventh Circuit has held that "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997) (citing *Mason v. Cont'l Group, Inc.*, 763 F.2d 1219, 1225-27 (11th Cir. 1985)). Other Circuits have considered and split on the precise issue of what triggers the limitations period. *Compare Abena v. Metro. Life Ins. Co.*, 544 F.3d 880, 882 (7th Cir. 2008) (finding that the limitations period commenced when proof of loss was required to be filed, and that such limitation was reasonable, because the plaintiff had 17 months after he exhausted his administrative remedies to file suit), *with White v. Sun Life Assurance Co. of Can.*, 488 F.3d 240, 247 (4th Cir. 2007) (reading ERISA statutory requirements of exhausting administrative remedies with the provision for judicial review as supporting the conclusion that limitations periods do not begin to run until a plaintiff has exhausted administrative remedies). The Supreme Court has also noted that ERISA's stated objective of providing "ready access to the Federal courts" disfavors interpretations of ERISA that would strip beneficiaries of the ability to file suit. *Varity Corp. v. Howe*, 516 U.S. 489, 513 (1996) (quoting ERISA § 2(b)).

The Fifth Circuit, which like the Eleventh Circuit also requires ERISA plaintiffs to exhaust administrative remedies before filing suit, has held that the proof of loss triggers the limitations period and that the limitations period should not be tolled during the administrative proceedings. *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396 (5th Cir. 1998). Nevertheless, Judge Owens of the Middle District of Georgia has found the dissenting opinion of Judge Parker in that case to be better reasoned: "'Common sense and basic fairness dictates [sic] that if we are willing to read in an exhaustion requirement, we must toll the limitations period while exhaustion occurs.'" *Jeffries v. Trustees of Northrop Grumman Savings & Inv. Plan*, 169 F. Supp. 2d 1380,

3

1382 (M.D. Ga. 2001) (quoting *Radford*, 151 F.3d at 401 (Parker, J., dissenting)). Judge Owen, thus, held that the limitations period "was tolled while Plaintiff exhausted his administrative remedies." *Id.*

In the absence of guidance from the Eleventh Circuit, this court finds persuasive the rationales of the Fourth Circuit and Judge Owen of the Middle District of Georgia. The court finds that tolling the limitations period, whether set by contractual provision or a borrowed state statute of limitations, until a plaintiff exhausts her administrative remedies best comports with the statutory language, as described by the Fourth Circuit in *White*, and the stated objective of ERISA, as described by the Supreme Court in *Varity Corp.* The court, therefore, finds that the appropriate limitations period in this case was tolled pending the administrative proceedings.

DISCUSSION

The limitations provision at issue in this case provides that "Legal action cannot be taken against The Hartford . . . after the shortest period allowed by the laws of the state where the policy is delivered. This is 3 years after the time written proof of loss is required to be furnished according to the terms of the policy."[1] The Defendant initially denied the Plaintiff's claim for benefits on June 25, 2004. Following two separate administrative appeals, the Defendant sent the Plaintiff a letter notifying her of the Defendant's final denial of her claim on May 3, 2005. The letter of May 3, 2005, sent by the Defendant to the Plaintiff's former attorney, specifically stated:

> Please be advised that our claim decision is now final as you have exhausted any administrative remedies available under the policy and we are closing the claim file at this time. No further review will be conducted with respect to your client's

---

[1] The insurance policy at issue in this case was "delivered" in the state of Delaware, which has a three-year statute of limitations for breach of contract, as the limitations provision states. Del. Code Ann. tit. 10 § 8106 (2008).

4

claim. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. You may also bring civil action under Section 502(a) of [ERISA].

Thus, the Defendant asserts that the Plaintiff exhausted her administrative remedies and the limitations period began to run on May 3, 2005.

The Plaintiff asserts that the limitations period began to run on May 17, 2006. The Plaintiff's former attorney sent a letter to the Defendant, enclosing the Social Security Administration's finding that the Plaintiff was disabled within the meaning of the Social Security Act, on May 1, 2006. The Plaintiff's former attorney requested that the Defendant review its determination that the Plaintiff was not due any benefits under the insurance policy, in light of the Social Security determination. On May 17, 2006, the Defendant responded, noting that the "claim decision as of 05/03/2005 was final and [the Plaintiff has] exhausted any administrative remedies available under the policy."[2]

The Plaintiff asserts that the May 17, 2006, letter from the Defendant constitutes the accrual date for the limitations period to begin running. Nevertheless, the May 17, 2006, letter specifically reminded the Plaintiff that the letter of May 3, 2005, constituted the final claim decision and the exhaustion of the Plaintiff's administrative remedies. At that point, the Plaintiff had nearly two years remaining in the limitations period to bring suit. The Plaintiff failed to do so.

The Plaintiff also asserts that the three-year contractual limitation period in the policy

---

[2] On February 4, 2009, the Plaintiff's current attorney notified the Defendant that her former attorney had died, that the former attorney had failed to submit important relevant medical records, and that the Plaintiff was requesting further review. The court finds that the Plaintiff's appropriate remedy, if any, for her former attorney's oversight is not against the Defendant, but against the former attorney's estate.

should not apply, because she did not have a copy of the policy, only a Summary Plan Description (SPD). Nevertheless, the SPD specifically states that the policy itself governs the terms, not the SPD. The SPD also provides an address where beneficiaries may request a copy of the policy itself, if they do not have a copy. Furthermore, the Plaintiff's former attorney requested and received a copy of the policy in April 2005. The failure of Plaintiff's former attorney to file suit in a timely manner, or otherwise pursue the Plaintiff's claims adequately, is not a proper grounds for tolling or extending the contractual limitations period for bringing suit.

The Plaintiff cites no rule, and the court finds none, that would justify finding that the limitations period should begin to run on May 17, 2006, instead of the date that the Plaintiff exhausted her administrative remedies – May 3, 2005. A plaintiff cannot unilaterally restart the limitations period by merely requesting additional review of the denial determination. Likewise, the Plaintiff cites no rule, and the court finds none, that would justify deviating from the contractual and statutory limitations period of three years. The court finds, therefore, that the Plaintiff exhausted her administrative remedies on May 3, 2005, and the three-year limitations period began to run from that date. Because the Plaintiff filed her Complaint on October 14, 2008, more than five months beyond the three-year limitations period, the court finds that her Complaint is time-barred and due to be dismissed.

## II.      PLAINTIFF AMOS'S MOTION TO REMAND

Plaintiff Amos moves the court to remand the case to the plan administrator so that the Defendant may consider additional medical records not previously submitted to it.

### LEGAL STANDARDS

The general rule in the Eleventh Circuit is to "remand to the plan fiduciary . . . when the

plan administrator has not had an opportunity to consider evidence on an issue." *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1330 (11th Cir. 2001). Nevertheless, the Eleventh Circuit has noted, "We do not agree, however, that a remand to the plan administrator is appropriate in every case, . . . nor do we agree that our own precedent dictates that remand is appropriate in every case." *Id.*

DISCUSSION

The Plaintiff relies on Eleventh Circuit precedent that generally counsels in favor of remand so the plan beneficiary may present additional information that might affect the determination of eligibility for benefits. Nevertheless, none of those cases involved causes of action barred by the limitations period. The court acknowledges that remand is generally appropriate when additional evidence should be considered, or when the court has determined that the plan administrator's decision was arbitrary or capricious and a new determination should be made. *See Jett v. Blue Cross & Blue Shield of Ala.*, 890 F.2d 1137, 1139 (11th Cir. 1989) (stating that the standard of review for the denial of ERISA benefits is the arbitrary and capricious standard); *see also Shannon v. Jack Eckerd Corp.*, 113 F.3d 208, 210 (11th Cir. 1997) (finding no error in the District Court's remand to the plan administrator for further review and consideration of additional evidence, after the District Court determined that the plan administrator's denial of ERISA benefits was arbitrary and capricious).

However, the Plaintiff cites no rule, and the court finds none, that would require or even encourage remand for further consideration when a plaintiff seeks to submit additional evidence *after* the limitations period has run. Indeed, the court cannot even reach the question of whether Defendant Hartford's denial of ERISA benefits was arbitrary and capricious, because the Plaintiff

7

filed her Complaint after the limitations period expired. Allowing the Plaintiff to obtain a remand after the limitations period expired, for consideration of evidence that she should have timely submitted, would require the court to rewrite the policy language and circumvent the Defendant's right to enforce the contractually agreed upon limitations period. The court will not do so. The court, therefore, finds that a remand would not be an appropriate remedy in this case.

## CONCLUSIONS

The Plaintiff filed her Complaint on October 14, 2008, more than five months beyond the three-year limitations period. The court, therefore, finds that the Plaintiff's Complaint is barred as untimely, and the court will GRANT the Defendant's motion to dismiss. The court will DISMISS WITH PREJUDICE the Plaintiff's Complaint. Because the court finds that the Plaintiff filed her case after the limitation period expired, the court finds that remand is not an appropriate remedy in this case. The court, therefore, will DENY the Plaintiff's motion to remand.[3]

DATED this 24th day of June, 2009.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[3] Alternatively, the court finds that the Plaintiff's motion to remand is MOOT, because the court dismissed the case as time-barred.

8